## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| SAID MUTAZZ, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE: 5:24-CV-00107-CAR-MSH** |
| **VS.** | : | |
| | : | |
| Commissioner TYRONE OLIVER, | : | |
| *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| **Defendants** | : | BEFORE THE U. S. MAGISTRATE JUDGE |

_____

### ORDER

*Pro se* Plaintiff Said Mutazz, a prisoner at Calhoun State Prison in Morgan, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. He requests leave to proceed *in forma pauperis*. ECF No. 3. Plaintiff has also filed a motion for the appointment of an attorney. ECF No. 4. As explained below, Plaintiff's request to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** with the provision that he must pay an initial partial filing fee. Plaintiff's request for an appointed attorney (ECF No. 4) is **DENIED**. Plaintiff is **ORDERED** to recast his complaint to comply with the Rules of Federal Procedure and to state a claim for which relief may be granted.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed a motion to proceed *in forma pauperis*. ECF No. 3. As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing

fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Plaintiff's inmate account statement is dated March 4, 2024. A review of Plaintiff's account certification shows that for the preceding six-month period encompassed by the account statement, Plaintiff had total deposits of $1,800.00 which averages to monthly deposits of $300.00. ECF No. 3-1. Twenty percent of his six-month average deposit amount is $60.00. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $60.00.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%)

of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee.  Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court.  Thereafter, Plaintiff's custodian shall remit monthly

payments as set forth above.

## MOTION TO APPOINT AN ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney. ECF No. 4. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 setting forth factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present claims to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Here, Plaintiff filed an over thirty-page complaint that contains a rambling variety of allegations.  *See* ECF No. 1.  Plaintiff names as Defendants several supervisory officials such as the Georgia Prison Commissioner, a "Designee," and Prison Counselors as well as Wardens and former Wardens from two different prisons.  *Id.*  Plaintiff complains about entirely separate events from these two prisons from various dates beginning in 2021[2] that assert different types of unrelated claims.  *Id.*  Plaintiff has prodigiously failed to link his allegations specifically and factually to his named Defendants.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler*

---

[2]  The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury and for Georgia that is two years.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003).  The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).  Therefore, Plaintiff's claims from his incarceration prior to March 2022, as he presently presents them, are presumably barred by the two-year statute of limitations.  *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expiration of the statute of limitations are time-barred).

*v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

The Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances. In short, Plaintiff's pleading is a typical shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006).

The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland*, 792 F.3d at 1321-23 (citations omitted).

6

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Furthermore, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff throughout his incarceration time at various prisons or even in one prison does not necessarily make claims

about those allegations related under Rule 20.  *See e.g.*, *Skillern v. Georgia Dep't of Corrections Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010).  Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ."

Lastly, many of Plaintiff's claims are not constitutional claims but rather are based upon alleged violations of "codes," policies, and/or the Standard Operating Procedures of the Georgia Department of Corrections as well as a failure for supervisory officials to investigate or otherwise respond to Plaintiff's complaints about code or policy violations. "In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated."  *Jones v. Schofield*, No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz v. Campbell*, 64 F. Supp. 2d 721, 731 (W.D. Tn. 1999).  "Prison regulations ... were never intended to confer rights on inmates or serve as a basis for constitutional claims."  *Id.* "Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons."  *Id.* "Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action."  *Id.*  Moreover, a prisoner certainly has no constitutional right to participate in grievance procedures.  *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983

claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory."). Similarly, inmates simply do not enjoy a constitutional right to an investigation of their complaints by government officials. *See e.g.*, *DeShaney v. Winnebago Cnty. Dep't of Social Services*, 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials). Accordingly, any claim based in any Defendant violating rules, policies, or procedures or any Defendant's failure to respond to Plaintiff's complaints about code or policy violations is subject to dismissal.

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim

for which relief may be granted.  *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").  Rather than recommending dismissal of this complaint outright for violating the rules of Civil Procedure, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint.  If Plaintiff wishes to pursue unrelated claims[3], then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number.  The filing fee must also be addressed in each new civil action.

---

[3] For example, Plaintiff's claims regarding delays in mail delivery, insufficient record keeping for purposes of parole review, the conditions of his confinement at Dooly State Prison, and the conditions of his confinement at Calhoun State Prison do not appear sufficiently related to allow joinder of these claims in one civil action.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

> (1)   What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?
>
> (2)   Is the Defendant a supervisory official[4] and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?
>
> (3)   When and where did each action occur (to the extent memory allows)?
>
> (4)   How were you injured because of this Defendant's actions or inactions?
>
> (5)   What legally permissible relief do you seek from this Defendant?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that a recast complaint supersedes an original complaint. *See Lowery v. Ala.*

---

[4] Plaintiff is advised that he cannot simply name supervisors such as a Prison Commissioner, Wardens, Counselors, and "Designees" based solely on their official capacities and supervisory roles as he did in his original Complaint. Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

*Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law and especially not to the Standard Operating Procedures of Georgia prisons, to state a claim as he has confusingly attempted to do in his original complaint. Plaintiff is not to include any exhibits or attachments. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion for the appointment of an attorney (ECF No. 4) is **DENIED**. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** with the statutory provision that he pays a partial initial filing fee. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) pay the partial initial filing fee of $60.00. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

So **ORDERED and DIRECTED**, this 24th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

13